UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID NADIG,

      Plaintiff,

v.

      Case No. 2:25-cv-138-SPC-KCD

SAN CARLOS ESTATES WATER
CONTROL DISTRICT, a water
control district of the State of
Florida,

      Defendant.

## ORDER

Before the Court is Plaintiff David Nadig's Amended Motion to Strike Defendant's Affirmative Defenses. (Doc. 43.)[1] Defendant San Cartos Estates Water Control District has responded in opposition. (Doc. 44.) For the reasons below, the motion is denied.

### I. Legal Standards

An affirmative defense is an assertion by a defendant that, if true, will defeat a plaintiff's claim even if the allegations in the complaint are accepted. *Fed. Deposit Ins. Corp. for Superior Bank v. Hall*, No. 8:14-cv-834-T-24 TGW, 2016 WL 7325590, at *2 (M.D. Fla. Aug. 29, 2016). A court can strike "an

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Though motions to strike are allowed, they are considered a "drastic remedy, which is disfavored by the courts and will usually be denied" except under limited circumstances. *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

Affirmative defenses should be stricken only if they are facially insufficient as a matter of law. *See United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-CV-448-T-33CPT, 2019 WL 3323477, at *2 (M.D. Fla. July 24, 2019). The movant must show "the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice." *Am. Mariculture, Inc. v. Syaqua Americas, Inc.*, No. 2:20-CV-711-JES-MRM, 2021 WL 3732915, at *2 (M.D. Fla. Aug. 24, 2021).

## II. Discussion

This case is about a special assessment that Nadig claims violated his constitutional rights. (Doc. 1.) He now moves to strike Defendant's first, second, ninth, and tenth affirmative defenses.[2] (Doc. 43.)

Starting with the first affirmative defense—failure to state a claim—Defendant responds that it is merely preserving its legal arguments about the sufficiency of the complaint. Because failure to state a claim can be raised in

---

[2] Defendant did not number its affirmative defenses. (Doc. 38 ¶¶ 27-37.) In his motion, Nadig addressed them in the numerical order in which they appear in the answer. The Court will do the same.

an answer, the Court will not strike the defense. *See* Fed. R. Civ. P. 12(h)(2); *Saltzman v. Heritage Prop. & Cas. Ins. Co.*, No. 6:23-CV-2380-RBD-RMN, 2024 WL 4495252, at *3 (M.D. Fla. Feb. 23, 2024).

Next, Nadig claims that the second affirmative defense—he failed to comply with Fla. Stat. § 298.12—is insufficient because it provides no supporting facts and fails to cite the provision of the statute he neglected. The first part of this argument is a nonstarter based on the authority cited in the Court's Civil Action Order:

> This Court has previously held that affirmative defenses are not subject to the pleading standard described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Hamblen v. Davol, Inc.*, No. 8:17-cv-1613-T-33TGW, 2018 WL 1493251, at *2 (M.D. Fla. Mar. 27, 2018) ("[T]his Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the *Twombly* pleading standard.").

*Spartan Sec. Grp.*, 2019 WL 3323477, at *1.

The remaining argument fares no better. The second affirmative defense relates directly to Nadig's claims. He maintains that Defendant revoked his right to vote under § 298.12 in violation of the Fourteenth Amendment. (Doc. 1 ¶ 22.) Under § 298.12(1), landowners who have not paid a special assessment from the year before are ineligible to vote in certain elections. Defendant relied on this subsection in its motion to dismiss (Doc. 20), so any failure to specify the provision in its affirmative defense is not prejudicial, nor does it confuse the issues. The Court thus declines to strike the second affirmative defense.

3

*See, e.g.*, *Spartan Sec. Grp.*, 2019 WL 3323477, at *2 ("[Motions to strike defenses] will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."). Nadig can use discovery to learn the granular details of this defense if needed.

As for the ninth affirmative defense—failure to satisfy all conditions precedent and/or exhaust all administrative remedies—Nadig argues that conditions precedent must be pled with particularity. Likewise, the defense does not indicate what law required him to exhaust his administrative remedies.

Failure to exhaust administrative remedies has been treated as a denial of the elements of a procedural due process claim, which has been alleged here. *See, e.g.*, *Mad Room, LLC v. City of Miami*, No. 21-CV-23485, 2024 WL 2776173, at *23 (S.D. Fla. May 30, 2024). "An affirmative defense alleging a defect in a plaintiff's *prima facie* case is a denial rather than an affirmative defense." *Bowes v. Haymore*, No. 13-14304-CIV, 2014 WL 12862646, at *4 (S.D. Fla. July 9, 2014). "Affirmative defenses that . . . are treated as denials by courts within this district . . . are generally not stricken." *U.S. Commodity Futures Trading Comm'n v. Montano*, No. 618CV1607ORL31GJK, 2019 WL 568393, at *1 (M.D. Fla. Feb. 1, 2019). Consistent with this authority, the ninth affirmative defense will remain.

Finally, Defendant's tenth affirmative defense alleges that Nadig has no standing to sue. Some courts treat standing as an affirmative defense. *See, e.g.*, *Guididas v. Cmty. Nat. Bank Corp.*, No. 8:11-CV-2545-T-30TBM, 2013 WL 230243, at *2 (M.D. Fla. Jan. 22, 2013) ("The affirmative defense of standing is not insufficient nor frivolous and should not be stricken"); *Achievement & Rehab. Centers, Inc. v. City of Lauderhill*, No. 12-61628-CIV, 2012 WL 6061762, at *1 (S.D. Fla. Dec. 6, 2012). Others classify standing as a denial. *See Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503 (S.D. Fla. Apr. 26, 2013). But "whether regarded as a specific denial or an affirmative defense, Defendant['s] invocation of standing still serves the laudable purpose of placing [Nadig] and the Court on notice of certain issues Defendant intends to assert against [his] claims." *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-CV-705-FTM-38CM, 2014 WL 1268574, at *3 (M.D. Fla. Mar. 27, 2014). Thus, the Court will not strike the tenth affirmative defense.

Defendant's answer provides fair notice of the defenses it intends to raise, and Nadig can use discovery to fill in the details. Nothing more is needed at this stage. *See, e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576-ORL-37, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013). It is thus **ORDERED**:

Nadig's Amended Motion to Strike Defendant's Affirmative Defenses (Doc. 43) is **DENIED**.

**ENTERED** in Fort Myers, Florida on August 12, 2025.

_____
Kyle C. Dudek
United States Magistrate Judge